NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONY DEROSA-GRUND,<br><br>Plaintiff,<br><br>v.<br><br>LARRY THE LENDER LLC,<br><br>Defendant. | Civil Action No. 25-16178 (RK) (TJB)<br><br>**MEMORANDUM ORDER AND ORDER TO SHOW CAUSE** |

**THIS MATTER** comes before the Court upon an "Emergency Ex Parte Motion for Temporary Restraining Order" (the "Emergency Motion") filed by *pro se* Plaintiff Tony DeRosa-Grund ("Plaintiff"). ("TRO," ECF No. 5.) On October 1, 2025, Plaintiff filed a Complaint ("Compl.," ECF No. 1) and the Emergency Motion seeking, in part, to halt a foreclosure of his family's home located in Surfside Beach, Texas. (*Id.* at 4, 13.) Plaintiff alleges that in 2018, he and his wife used the Surfside Beach property as collateral against a loan issued by Defendant Larry the Lender LLC ("Defendant"). (*Id.* at 13–16, 22.) Plaintiff and his wife took out this loan to prevent the foreclosure of a home they resided at in Magnolia, Texas. (*Id.* at 13.) Plaintiff alleges Defendant violated both federal and Texas law by classifying this "residential" loan as a "business" loan in order to extract greater interest. (*Id.* at 15–19, 21–25.) Now, seven years later, Defendant seeks to foreclose on the Surfside Beach home, presumably due to issues with Plaintiff's payments on the loan. (TRO at 1–2.)

In his Emergency Motion, Plaintiff asks the Court to "enjoin" Defendant from "[c]onducting the foreclosure sale scheduled for October 7, 2025," though the allegations surrounding the "sale" are murky. (TRO at 19.) Significantly, it is not clear whether this

foreclosure is pursuant to a judicial order or non-judicial. To the extent it is pursuant to a judicial order, the Anti-Injunction Act "prohibits a federal court from entering an injunction that would enjoin mortgage foreclosure actions." *Hernandez v. Fed. Nat. Mortg. Ass'n*, No. 14-7950, 2015 WL 3386126, at *3 (D.N.J. May 26, 2015) (citing 28 U.S.C. § 2283)). This Act imposes "an absolute prohibition [ ] against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). The Act's three narrowly-read exceptions apply only "when expressly authorized by statute, necessary in aid of the court's jurisdiction, or necessary to protect or effectuate the court's judgment." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). The Court finds that no exceptions apply here. *First*, no statute authorizes this Court to enjoin the state court proceedings. *Second*, the state proceedings do not "so interfer[e] with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 134 F.3d 133, 144 (3d Cir. 1998) (quoting *Atl. Coast Line R. Co.*, 398 U.S. at 295). *Third*, this Court has issued no order or judgment that could be threatened by the state proceedings.

To the extent the foreclosure is non-judicial, Plaintiff cannot show a likelihood of success on the merits warranting emergency injunctive relief. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (noting that in determining whether to grant a motion for preliminary injunctive relief, the Court considers "whether the movant has shown a reasonable probability of eventual success in the litigation" (internal quotation marks omitted)). *First*, none of Plaintiff's federal claims provide for injunctive relief. *See, e.g.*, *Carlton v. Choicepoint, Inc.*, No. 08-5779, 2009 WL 4127546, at *6 (D.N.J. Nov. 23, 2009) ("Under the [Fair Credit Reporting Act], a private party cannot seek injunctive relief."); *Ardino v. Lyons, Doughty & Veldhuis, P.C.*, No. 11-848,

2011 WL 6257170, at *15 (D.N.J. Dec. 14, 2011) ("[I]t is well established in the Third Circuit that injunctive and declaratory relief are not available under the [Fair Debt Collection Practices Act] for private causes of action against debt collectors."); *Howard v. Vill. Cap. & Inv. LLC*, No. 25-04588, 2025 WL 2092111, at *2 (D.N.J. July 25, 2025) ("[Real Estate Settlement Procedures Act] do[es] not permit . . . injunctive relief.")

*Second*, Plaintiff's remaining claims under Texas state law appear to suffer from statute-of-limitations issues and a general lack of factual support. *See, e.g.*, *Spencer v. Hughes Watters Askanase, LLP*, No. 16-062, 2016 WL 1626634, at *8 (W.D. Tex. Apr. 21, 2016) ("Under Texas law, a cause of action for usury must be brought within four years of either (1) contracting for a usurious interest rate; (2) being charged a usurious interest rate; or (3) the lender receiving a usurious payment."); *Perez v. JPMorgan Chase Bank, N.A.*, No. 19-02412, 2020 WL 8410463, at *5 (N.D. Tex. Sept. 9, 2020) ("To successfully allege a violation [of the Texas Debt Collection Act], Plaintiff must show a misrepresentation . . . which resulted in Plaintiff being unaware (1) that she had a mortgage debt, (2) of the specific amount she owed, or (3) that she had defaulted.").

Thus, because Plaintiff's Emergency Motion fails regardless of whether the foreclosure is judicial or non-judicial, his Emergency Motion is **DENIED**.[1]

What's more, it does not appear that the District of New Jersey is the proper venue for this suit—another reason Plaintiff's Emergency Motion must be denied. Pursuant to 28 U.S.C. § 1391, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the

---

[1] Plaintiff's Emergency Motion also requests additional preliminary injunctive relief "[a]fter [an] [e]xpedited [h]earing." (TRO at 20–22 (seeking recalculation of interest rates, production of loan accounting information, prohibition from issuing adverse credit reports, etc.).) The Court will not address these requests until venue is properly established in this Court, as discussed hereinbelow.

events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b).

Plaintiff's only tie to New Jersey is that he has resided here for the last 30 months to undergo medical treatments that have rendered him unable to travel. (Compl. at 8–9.) During these 30 months, Plaintiff alleges Defendant has directed "servicing and collection communications" to Plaintiff in New Jersey. (*Id.* at 9.)

However, Plaintiff alleges that Defendant is a Texas limited liability company headquartered in Houston, Texas. (*Id.* at 13.) The property at-issue is also located in Texas, and the loan at-issue was executed in 2018 while Plaintiff resided in Texas. (*Id.* at 5, 13.) Further, for the first four-and-a-half years that the loan was serviced and accrued "excess" interest, Plaintiff appears to have resided in Texas. (*See id.* at 18; ECF No. 1-3 at 5.) Indeed, Plaintiff concedes that "Texas has the most significant relationship to the transaction." (Compl. at 11.)

Consequently, venue does not appear proper under 28 U.S.C. §1391(b)(1) because Defendant does not reside in New Jersey,[2] and venue is almost certainly improper under 28 U.S.C. § 1391(b)(2) because (i) the property that is subject to the action is not located in New Jersey, and (ii) a "substantial" part of events in this case—including execution of the loan and at least four-and-a-half years of servicing the loan—occurred in Texas, not New Jersey.

---

[2] A corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). While Plaintiff posits Defendant's communications to Plaintiff, who is currently residing in New Jersey, are sufficient to establish personal jurisdiction over Defendant, "the faxing of forms into a forum jurisdiction, or communication with individuals in a forum jurisdiction regarding business conducted in a separate, non-forum jurisdiction (here . . . Texas) does not subject the sender to personal jurisdiction in the forum." *Budget Rent A Car Sys., Inc. v. Missoula Acceptance Co.*, No. 08-2706, 2009 WL 1883966, at *7 (D.N.J. June 30, 2009) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 (3d Cir. 2003)). Thus, Defendant's communications to Plaintiff about a loan executed and primarily serviced in Texas (and for which a Texas property was used as collateral) do not establish personal jurisdiction over Defendant (and, by extension, proper venue) in New Jersey.

While the Court can *sua sponte* transfer venue, "the better practice is to give the parties an opportunity to brief the transfer issue before entry of the transfer order." *Kwok Sze v. Pui-Ling Pang*, No. 12-00619, 2014 WL 1513986, at *5 (M.D. Pa. Apr. 16, 2014) (collecting cases); *see Pattanayak v. Mastercard, Inc.*, No. 20-12640, 2021 WL 960856, at *6 (D.N.J. Mar. 12, 2021) ("I will not transfer venue, however, until I have heard from the parties."). Thus, out of an abundance of caution, the Court will provide Plaintiff with an opportunity to be heard as to the proper venue for his case prior to determining whether it should be transferred to the United States District Court for the Southern District of Texas,[3] where the property at-issue is located.

Therefore, **IT IS** on this 3rd day of October, 2025,

**ORDERED** that Plaintiff's Emergency Motion (ECF No. 5) is **DENIED**; and it is further

**ORDERED** that within fourteen (14) days, Plaintiff is ordered to show cause by written submission of no more than five (5) pages why venue is proper in this District under 28 U.S.C. §1391(b); and it is further

**ORDERED** that should the Court determine that the District of New Jersey is the proper venue for this suit, the Court will order Defendant to be served and given an opportunity to respond to Plaintiff's remaining requests for relief; and it is further

**ORDERED** that the Clerk of the Court is directed to **TERMINATE** the Emergency Motion pending at ECF No. 5.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court takes judicial notice of the fact that Surfside Beach, Texas, properly known as Surfside Village, is located in Brazoria County, Texas. *See Cities and Towns*, Brazoria Cnty., https://www.brazoriacountytx.gov/how-do-i/community/cities-and-towns (last accessed Oct. 3, 2025). The Southern District of Texas includes Brazoria County. *See* 28 U.S.C. § 124(b)(1).